**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **OMAR RAMIREZ, # R-26027,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 12-cv-1197-MJR** |
| | ) | |
| **MAGID FAHIM and** | ) | |
| **WEXFORD HEALTH SERVICES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently serving a 75 year sentence for murder, after a 2001 arrest. Plaintiff claims that Defendants were deliberately indifferent to a serious medical condition.

More specifically, Plaintiff claims that he sustained a serious injury to his left knee in 2004, while he was confined at Stateville Correctional Center (Doc. 1, p. 5). Treatment of the injury consisted only of ice, pain medication, and bed rest. The injured left knee has grown worse over time. It makes a constant "clicking" noise while Plaintiff walks, causing him significant pain. The joint is unstable and has become dislocated on several occasions, particularly when descending stairs. Plaintiff must go down the stairs several times a day. Since 2009, Plaintiff has made numerous requests for treatment of the injured left knee. He has seen several doctors at Menard who referred him to Defendant Fahim (the Menard medical director) for further tests or treatment.

Plaintiff's knee was x-rayed in early 2010 (Doc. 1, p. 6). After reviewing the

results, Defendant Fahim noted a "possible meniscus injury" but denied further treatment or tests, telling Plaintiff there was nothing more he could do.  *Id.*  Plaintiff collapsed in July 2010 after his knee popped out of joint; he was given ice and sent back to his cell.  In August 2010 he was given a knee brace by another Menard doctor and referred back to Defendant Fahim for a meniscus injury, as only Defendant Fahim could authorize further testing (Doc. 1, pp. 6-7). Defendant Fahim ordered an x-ray in September 2010, after which he noted an "abnormal left knee" (Doc. 1, p. 7).  Although his notes indicated a plan to ask Defendant Wexford Health Services, Inc. ("Wexford") to authorize an orthopedic evaluation, this was never done.  Plaintiff has never received any further treatment for the left knee, nor has he seen an orthopedic specialist.  He has continued to suffer pain as he engages in normal daily activities.  Moreover, in November 2011, Plaintiff's right knee gave out while he was jogging (Doc. 1, p. 8).  He had to be carried from the yard because he was unable to walk.  He claims that the right knee problem was a result of having to compensate for the weakened left knee over a period of years.

According to the complaint, Defendants Fahim and Wexford have conspired to deny him adequate medical care for his knee injuries because of Defendant Wexford's official policy, and in order to save money.  Further, he asserts a supplemental claim for medical negligence and malpractice under Illinois state law (Doc. 1, pp. 7-8).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Fahim and Wexford for deliberate indifference to medical needs (Count 1) and against both Defendants for medical negligence and malpractice (Count 2).  However, further action is required by Plaintiff in order to proceed on Count 2.

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). While this Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (as amended by P.A. 90-579, effective May 1, 1998).[1]  A separate affidavit and report shall be filed as to each

---

[1] P.A. 94-677, effective August 25, 2005, which amended 735 ILL. COMP. STAT. §5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010). As a result

defendant.  *See* 735 I<small>LL</small>. C<small>OMP</small>. S<small>TAT</small>. §5/2-622(b).

Failure to file the required affidavit is grounds for dismissal of the claim.  *See* 735 I<small>LL</small>. C<small>OMP</small>. S<small>TAT</small>. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).  However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court.  *Sherrod*, 223 F.3d at 614.  "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'"  *Id.*; *see also Chapman v. Chandra*, 2007 WL 1655799 *4-5 (S.D. Ill. 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits.  Therefore, the claim in Count 2 is subject to dismissal.  Plaintiff shall be allowed 60 days from the date of this order to file the required affidavits.  Should Plaintiff fail to timely file the required affidavits, Count 2 shall be dismissed without prejudice.  *See* F<small>ED</small>. R. C<small>IV</small>. P. 41(b).

**<u>Pending Motion</u>**

Plaintiff's motion for appointment of counsel (Doc. 2) shall be referred to United States Magistrate Judge Stephen C. Williams for further consideration.

**<u>Disposition</u>**

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendants **FAHIM** and **WEXFORD HEALTH SOURCES, INC.**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant

---

of *Lebron*, the previous version of the statute is now in effect.  *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).

fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that as to the medical negligence and malpractice claims in **COUNT 2**, Plaintiff shall file the required affidavits pursuant to 735 ILL. COMP. STAT. §5/2-622, within 60 days of the date of this order (on or before **February 19, 2013**). Should Plaintiff fail to timely file the required affidavits, **COUNT 2** shall be dismissed without prejudice.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 19, 2012**

s/ MICHAEL J. REAGAN_<br>
United States District Judge